IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CT-3280-FL

| | |
|---|---|
| JERONE DESMOND WRIGHT, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| PAT McCRORY, STATE OF NORTH CAROLINA, FRANK L. PERRY, STATE TREASURER, and UNKNOWN OWNERS and DEFENDANTS, | ) |
| Defendants. | ) |

Plaintiff, a state inmate proceeding pro se, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court are plaintiff's objections to the filing fee requirement (D.E. 12, 13).

## BACKGROUND

On September 27, 2010, plaintiff was convicted of assault with a deadly weapon with intent to kill or seriously injury and sentenced a term of incarceration of 22 years, 3 months, and 25 days. See North Carolina Department of Public Safety, Offender Public Information, http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0742500&searchOffenderId=0742500&listurl=pagelistoffendersearchresults&listpage=1 [https://perma.cc/Q3J3-3DEW]. Although his complaint is not a model of clarity, it appears he argues that his arrest and incarceration constitute an unlawful exercise of the State of North Carolina's eminent domain authority. (Compl. (DE 1), p. 3-6). As relief, he demands "judgment

for the property to be condemned and just compensation for the taking." (Id. at p. 7).

On November 21, 2016, the court granted plaintiff's motion to proceed without the prepayment of fees. (D.E. 10). The order required plaintiff to pay an initial filing fee of $16.00, and then to pay monthly installments of 20% of the proceeding months' income credited to his trust fund account. On April 20, 2017, plaintiff filed two motions which essentially argue that the court erred by imposing a filing fee in this matter (DE 12, 13).

## COURT'S DISCUSSION

A.  Filing Fee Motions

The Prisoner Litigation Reform Act ("PLRA") provides that "prisoner[s] shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b) (emphasis added); see Torres v. O'Quinn, 612 F.3d 237, 241 (4th Cir. 2010) ("Congress [has] required that indigent prisoners filing lawsuits be held responsible for the full amount of filing fees."). Thus, the PLRA permits a prisoner to file a civil action without prepayment of fees or security, but requires the prisoner to pay the full amount of the filing fee as funds are available. McDaniels v. Wright, No. 1:14-CV-03728-TLW, 2015 WL 10710269, at *2 (D.S.C. Jan. 12, 2015). Accordingly, plaintiff's motions challenging the filing fee in this case are DENIED. See 28 U.S.C. § 1914 ("The clerk of each district shall require the parties instituting any civil action . . . to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5.").

B.  Frivolity Review

Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be found frivolous because of either legal or factual

2

deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

First, Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the court must liberally construe a pro se complaint, a plaintiff must do more than make conclusory statements to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78; Bell Atlantic Com. v. Twombly, 550 U.S. 544, 555 (2007). Here, plaintiff's complaint is rambling, disjointed, nonsensical and fails to provide a short and statement of his claims. Thus, plaintiff's complaint could be dismissed for that reason alone.

Furthermore, plaintiff seeks to recover damages for an allegedly unconstitutional conviction or imprisonment. Therefore, he must show that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The Supreme Court later clarified that Section 1983 actions are barred, no matter

the relief sought, "if success in that action would necessarily demonstrate the invalidity of confinement or duration." Wilkinson v. Dotson, 544 U.S. 74, 82 (2005). In Wilkinson, the Court again emphasized that habeas corpus was indeed the exclusive remedy for state prisoners who "seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Id. at 81–82; see also, Edwards v. Balisok, 520 U.S. 641, 648 (1997) (A "claim for declaratory relief and money damages . . . that necessarily imply the invalidity of the punishment imposed [ ] is not cognizable under § 1983."). Here, plaintiff's claim falls within the purview of Heck because his claim is predicated on the theory that the State is abusing its authority by incarcerating him.

In addition, even if plaintiff's claims were not barred by Heck, the Takings Clause of the Fifth Amendment protects private property, and is wholly inapplicable to any challenge to his conviction. See Phillips v. Washington Legal Found., 524 U.S. 156, 163 (1998); Washlefske v. Winston, 234 F.3d 179, 183 (4th Cir. 2000).

Finally, although he does not specifically name any personal property he was deprived of, the court notes that a prisoner may not bring a federal claim for deprivation of property through the "random and unauthorized" acts of government officers, whether negligent or intentional, when state law provides an adequate remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Francis v. State of Md., No. 87-6517, 1987 WL 37670, at *1 (4th Cir. June 1, 1987) (finding that claims of unlawful conversion or negligent loss involving items seized from a car by law enforcement officers fails to state a claim under § 1983) (unpublished opinion); Calhoun-El v. Maynard, No. RDB-07-220, 2007 WL 5254010, at * 4, n.9 (D.Md. Nov. 19, 2007), aff'd, 267 F. App'x 252 (4th Cir. Feb. 27, 2008).

4

North Carolina has adequate post-deprivation remedies for the confiscation or destruction of property, such as a tort action for conversion against individual defendants. See <u>Cathey v. Guenther</u>, 47 F.3d 162, 164 (5th Cir.1995); <u>Gallimore v.. Sink</u>, 27 N.C.App. 65, 66; 218 S.E.2d 181, 182 (1975).

## CONCLUSION

For the foregoing reasons, plaintiff's motions (D.E. 12, 13) are DENIED, and his claims are DISMISSED without prejudice. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 21st day of September, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge